**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUANA CEFERINA TINUAR TECUN,<br><br>*Petitioner*,<br><br>v.<br><br>ARTHUR J. WILSON, JR., *et al.*,<br><br>*Respondents*. | Civil Action No. 26-11081<br><br>**OPINION** |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") of Petitioner Juana Ceferina Tinuar Tecun ("Petitioner"), who is detained by United States Immigration and Customs Enforcement("ICE") at Delaney Hall Detention Facility in Newark, New Jersey. (ECF No. 1.) The Court has reviewed the Petition (ECF No. 1), Respondents' letter regarding Petitioner's final order of removal and supporting exhibits (ECF Nos. 6, 7, 10), and Petitioner's letter regarding her motion to reopen and motion to stay removal (ECF No. 9). For the reasons that follow, the Petition (ECF No. 1) is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who entered the United States, as a minor, without inspection, admission or parole on or about August 30, 2017. (*See* ECF No. 1 at 3, ECF No. 6 at 1.) Petitioner was entered into removal proceedings, found to be inadmissible under 8 U.S.C. § 1182(a) (ECF No. 6 at 1), and thereafter released to the custody of her cousin who resided in West Orange, New Jersey (ECF No. 9 at 5.) On August 7, 2019, a removal order was entered *in absentia*. (ECF Nos. 6-2, 6-3.)

On August 26, 2026, Respondents took Petitioner into ICE custody. (ECF No. 6 at 1.) Respondents contend that Petitioner's continued detention is authorized under 8 U.S.C. § 1231(a)(6) because she is subject to an administratively final order of removal and that her removal to Guatemala is significantly likely in the reasonably foreseeable future. (ECF No. 6 at 1; ECF No. 7 at 1; ECF No. 10 at 3; ECF No. 10-1.) Petitioner, meanwhile, has moved to reopen and rescind the *in absentia* removal order and to stay her removal. (ECF No. 9.)

## II. LEGAL STANDARD

District courts have jurisdiction under 28 U.S.C. § 2241 to hear claims that an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 439 (3d Cir. 2021); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 440 (D.N.J. 2019). Petitioners have the burden to demonstrate that their detention violates the Constitution or federal law. *See*, § 2241(c)(3); 28 U.S.C. § 2241(c)(3), *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

As Petitioner was detained in New Jersey at the time she filed her Petition and challenges the legality of that detention on federal constitutional and statutory grounds, this Court has jurisdiction to consider her claims. Respondents do not assert that exhaustion is required. Nor does any statute divest this Court of jurisdiction because Petitioner does "not seek review of the Attorney General's exercise of discretion; rather, [she] challenge[s] the extent of the Attorney General's authority under the post-removal-period detention statute." *Zadvydas*, 533 U.S. at 688.

## III. DISCUSSION

Respondents may not indefinitely detain Petitioner under 8 U.S.C. § 1231 merely because a final order of removal exists. Section 1231(a)(1)(A) requires the Department of Homeland

Security to remove a noncitizen within a 90-day "removal period." The removal period begins on the latest of: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

Here, Petitioner's removal order was entered *in absentia* on August 7, 2019. (ECF Nos. 6-2, 6-3.) An *in absentia* order of removal becomes final upon the expiration of the applicable period for filing a motion to reopen, 8 C.F.R. § 1241.1(e), and Respondents do not dispute that Petitioner's order became administratively final in 2019. Thus, the removal period began years before Petitioner's present detention.

During the 90-day removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) further permits detention beyond that period in certain circumstances. But in *Zadvydas*, the Supreme Court construed § 1231(a)(6) to authorize detention only for the period reasonably necessary to accomplish removal. 533 U.S. at 689. The Court identified six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. After six months, if the detainee provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing. *Id.*

Respondents contend that, because Petitioner has been detained for less than six months, her claim is premature and she bears the burden of establishing that there is no significant likelihood of her removal in the reasonably foreseeable future. (ECF No. 7 at 2; ECF No. 10 at 2–3.) Specifically, Respondents maintain that the six-month presumptively reasonable period began

when Petitioner was detained by ICE on August 26, 2026, notwithstanding the fact that her removal order became final approximately seven years earlier. (ECF Nos. 6, 7, 10.)

The Court need not definitively resolve whether the six-month presumption applies anew when a noncitizen is detained years after entry of a final removal order. Courts have recognized substantial doubt as to Respondents' position. *See Santamaria-Mejia v. ICE*, No. 26-CV-07437, 2026 WL 2018107, at *3–5 (D.N.J. July 13, 2026) (recognizing substantial doubt as to whether the six-month presumption applies when detention begins years after entry of a final removal order, but holding that, even assuming the presumption applies, it may be rebutted before six months have elapsed where removal is not reasonably foreseeable); *Egharevba v. Benzel*, No. 26-CV-10628, 2026 WL 2655018, at *4–6 (D.N.J. Sept. 9, 2026) (holding that the six-month *Zadvydas* presumption does not apply where detention begins years after entry of a final removal order and following years of Government inaction, and that the Government must demonstrate a significant likelihood of removal in the reasonably foreseeable future).

Even assuming, as Respondents contend, that the six-month presumption began when Petitioner was detained on August 26, 2026, however, the presumption does not foreclose Petitioner's claim. The six-month period is a guide, not an absolute safe harbor. *Zadvydas* adopted it to assist courts in determining whether detention exceeds the period reasonably necessary to accomplish removal based on the "particular circumstances" of each case. 533 U.S. at 699. Thus, where removal is not reasonably foreseeable, the presumption may be rebutted before six months have elapsed. *See Santamaria-Mejia*, 2026 WL 2018107, at *3–5; *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 397 (D.N.J. 2025).

The circumstances here rebut any presumption of reasonableness. Petitioner's removal order became final in August 2019, yet Respondents did not take Petitioner into ICE custody until

August 2026. (ECF Nos. 6, 7, 10.) The Government therefore had approximately seven years in which to effectuate Petitioner's removal but did not do so. That history of inaction is relevant to whether removal is now reasonably foreseeable and whether continued detention is reasonably necessary to accomplish removal. *See Santamaria-Mejia*, 2026 WL 2018107, at *3–5; *Egharevba*, 2026 WL 2655018, at *4–6.

Respondents have established that Petitioner is a Guatemalan citizen, that Enforcement and Removal Operations ("ERO") possesses her Guatemalan Consular Identification Card, that her nationality has been verified, and that Guatemala participates in the Electronic Nationality Verification Program. (ECF No. 10-2.) These facts establish that mechanisms exist through which Petitioner's removal may ultimately be effectuated. They do not, however, establish that removal is significantly likely in the reasonably foreseeable future. *See Egharevba*, 2026 WL 2655018, at *6 (holding that the Government's representation that removal was "likely to occur in the reasonably foreseeable future," without evidence demonstrating concrete progress toward effectuating removal, was insufficient to establish a significant likelihood of removal).

Indeed, Petitioner's motion to reopen and rescind the *in absentia* removal order remains pending before the Immigration Court. (ECF No. 9.) Respondents acknowledge that the motion automatically stays execution of the removal order. (ECF No. 10 at 1); *see* 8 C.F.R. §§ 1003.23(b)(4)(ii), 1241.1(e). Respondents identify no anticipated timeframe for resolution of the motion to reopen and no concrete date, schedule, or other timetable for Petitioner's removal if the motion is denied. (*See* ECF No. 10.)

Respondents instead represent that ERO will effectuate Petitioner's removal "once the Immigration Court denies this motion and this Court lifts its no-transfer order." (ECF No. 10-2 ¶ 10.) That representation establishes only that Respondents intend to pursue removal at some

unspecified point in the future if two contingencies occur. It does not establish when those contingencies will occur or demonstrate that removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701; *Egharevba*, 2026 WL 2655018, at *6; *Zhang v. Sage*, No. 26-01193, 2026 WL 2227309, at *5 (M.D. Pa. Aug. 3, 2026) (explaining that the Fifth Amendment requires more than "speculative, conclusory statements" concerning the likelihood of removal).

In short, Respondents have demonstrated that Petitioner can be removed to Guatemala; they have not demonstrated that she is likely to be removed in the reasonably foreseeable future. The distinction is dispositive under *Zadvydas*. Section 1231(a)(6) does not authorize immigration detention indefinitely while the Government awaits an unspecified future opportunity to effectuate removal. Because Petitioner has rebutted any applicable presumption of reasonable detention and Respondents have not demonstrated a significant likelihood of removal in the reasonably foreseeable future, her continued detention exceeds the period reasonably necessary to accomplish removal and is therefore no longer authorized by § 1231(a)(6). *See Zadvydas*, 533 U.S. at 699, 701.

Accordingly, the Petition (ECF No. 1) is **GRANTED**. This ruling concerns only the legality of Petitioner's continued detention under § 1231(a)(6); it does not vacate, alter, or otherwise disturb Petitioner's underlying order of removal or the Immigration Court's authority to adjudicate her pending motion to reopen.

An appropriate Order follows.

Hon. Karen M. Williams,
**United States District Judge**